IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,783-04






EX PARTE JACOB LYNN SALAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 6716-D IN THE 259
TH DISTRICT COURT


FROM JONES COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted murder
and sentenced to forty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction.
Salas v. State, No. 11-99-00056-CR (Tex. App.-Eastland, delivered December 14, 2000, pet. ref'd).

 Applicant contends that he is actually innocent. The trial court entered an order designating
issues on November 20, 2006, and we received the present application on December 18. But no
findings of fact or conclusions of law were found in the application. We believe that the application
was prematurely forwarded to this Court. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant has established that
he is actually innocent. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 21, 2007

Do not publish